**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4939**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KEITHON DERNARD SOUTHERLAND,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, Chief District Judge. (7:09-cr-00068-FL-1)

Submitted: July 18, 2011      Decided: August 9, 2011

Before WILKINSON, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keithon Dernard Southerland appeals his conviction and 105-month sentence for one count of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal he asserts that the district court erred in denying his motion to suppress the firearm and ammunition, that the Government breached the plea agreement, and that the district court imposed an unreasonable sentence. For the following reasons, we affirm.

Southerland's indictment and conviction stemmed from the robbery of a home in North Carolina. On October 25, 2008, police responded to a report of an unlawful entry into a residence. Resident Thomas Joseph Marino informed Wilmington, North Carolina, police that while he was out walking his dog, someone entered his home through an unlocked door and stole a Toshiba laptop computer and a Samsung cell phone. Using GPS features imbedded in the phone, police tracked its location to the vicinity of 401 Henry Street.

Officer R.V. Dawson observed a silver Cadillac parked in the driveway of the home located at 401 Henry Street. Dawson peered into the vehicle, and observed in plain view, a phone and a laptop matching the description of the items stolen from Marino's home. Dawson obtained Southerland's consent to open

2

the laptop computer, and when the computer loaded, the name "Tom Marino" was listed as the primary user. Southerland was arrested for possession of stolen property. After Southerland was placed in a patrol car, Dawson and other officers searched the Cadillac. In the course of the search, they found a jacket located in the front passenger seat. In the pocket of the jacket, Dawson found the magazine of a handgun. Shortly thereafter, a second officer located a handgun near the back seat of the vehicle.

Southerland moved to suppress the firearm and ammunition seized from his vehicle. After the district court denied the motion, Southerland entered a conditional guilty plea, reserving the right to appeal from the denial of his motion to suppress. Southerland memorialized his plea in a written agreement with the Government. Pertinent to this appeal, the Government agreed that it would "make known to the [district court] at sentencing the full extent of the Defendant's cooperation, but the United States is not promising to move for a departure pursuant to [U.S. Sentencing Guidelines Manual] § 5K1.1, 18 U.S.C. § 3553(e) [(2006)], or Fed. R. Crim. P. 35."

The advisory Guidelines range calculated by the Probation Office in Southerland's presentence investigation

report ("PSR") was 30 to 37 months, based on an offense level of 15 and a criminal history category of IV. The Government moved for an upward departure, arguing that Southerland's Guidelines criminal history category significantly underrepresented his actual criminal history and likelihood of recidivism. At a sentencing hearing, the district court granted the motion, departed to an offense level of twenty-two and a criminal history category of VI (carrying an advisory Guidelines range of 84 to 105 months), and imposed a 105-month sentence. This timely appeal followed.

## I.    Motion to Suppress

In reviewing a district court's denial of a suppression motion, we review the district court's factual determinations for clear error and any legal determinations de novo. See United States v. Kelly, 592 F.3d 586, 589 (4th Cir.), cert. denied, 130 S. Ct. 3374 (2010). Because the district court denied Southerland's motion, we construe the evidence "in the light most favorable to the government." Id. (citation omitted).

The Fourth Amendment guarantees "the right of the people to be secure . . . against unreasonable searches and seizures" and requires that "searches be conducted pursuant to a

4

warrant issued by an independent judicial officer." California v. Carney, 471 U.S. 386, 390 (1985). An established exception to the warrant requirement is the "automobile exception." Kelly, 592 F.3d at 589. Under this exception, police may search a vehicle without a warrant if "probable cause exists to believe it contains contraband" and the vehicle is "readily mobile." Pennsylvania v. Labron, 518 U.S. 938, 940 (1996). If both conditions are met, police may conduct a warrantless search "that is as thorough as a magistrate could authorize in a warrant." United States v. Ross, 456 U.S. 798, 800 (1982). Furthermore, such a search may cover all areas of the vehicle, including any of its "secret compartments." United States v. Bullock, 94 F.3d 896, 899 (4th Cir. 1996).

The gravamen of Southerland's objection to the search of his vehicle is that it was not authorized in light of Arizona v. Gant, 129 S. Ct. 1710 (2009). In that case, the Supreme Court held that a search of a vehicle incident to the arrest of the driver is justified "only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search" or when "it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'" 129 S. Ct. at 1719 (quoting Thornton v. United States, 541 U.S. 615, 632 (2004)).

5

Gant did not, however, alter the long-standing rule that if officers have "probable cause to believe a vehicle contains evidence of criminal activity," they may search any area of the vehicle where evidence of criminal activity may be found. Id. at 1721 (citing cases); see United States v. Dickey-Bey, 393 F.3d 449, 456-57 (4th Cir. 2004) ("We need not, however, decide whether the search of Dickey-Bey's automobile was properly incident to his arrest because we conclude that the circumstances in this case provided officers independent probable cause to search the automobile.").

Probable cause exists "where the known facts and circumstances are sufficient to warrant a [person] of reasonable prudence in the belief that contraband or evidence of a crime will be found." Ornelas v. United States, 517 U.S. 690, 696 (1996). Probable cause "is a 'commonsense' conception that deals with 'the factual and practical considerations of everyday life.'" Kelly, 592 F.3d at 592 (quoting Ornelas, 517 U.S. at 695). In assessing whether probable cause exists, courts must "examine the facts from the standpoint of an objectively reasonable police officer, giving due weight to inferences drawn from those facts by local law enforcement officers." Id. (internal quotation marks and ellipsis omitted).

On these facts, we have no difficulty in concluding that probable cause existed to search Southerland's vehicle. Police tracked the stolen property to the address where the vehicle was located and items matching the stolen property were seen in plain view inside the vehicle. When police confirmed that the items were in fact stolen, they had ample probable cause to search the remainder of the vehicle for additional stolen items. This is particularly so here, as Marino had not had time to inventory his possessions and thus could not be sure that the laptop and phone were the only missing items. Accordingly, the district court did not err in denying the motion to suppress.

## II. Breach of Plea Agreement

Southerland next argues that the Government breached the plea agreement by failing to "make known to the Court at sentencing the full extent of the Defendant's cooperation."

"It is settled that a defendant alleging the Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence." United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000). Because Southerland did not raise his claim of breach in the district court, we review it for plain error. See Puckett v.

7

<u>United States</u>, 129 S. Ct. 1423, 1428-29 (2009).  To prevail under this standard, Southerland must show not only that the Government plainly breached the plea agreement, but also that he was prejudiced by the error and that "the breach was so obvious and substantial that failure to notice and correct it [would affect] the fairness, integrity or public reputation of the judicial proceedings."  <u>United States v. McQueen</u>, 108 F.3d 64, 66 (4th Cir. 1997) (internal quotation marks omitted).

On appeal, the Government asserts that Southerland did not cooperate or provide any information.  Moreover, Southerland has failed to even assert on appeal that he made any attempt to cooperate with the Government.  Under these circumstances, we cannot find plain error.

## III. Sentence

Southerland claims that the district court imposed an unreasonable sentence.  He claims that the district court did not offer an adequate explanation for its decision to depart from the Guidelines range indicated in the PSR.  We do not agree.

A sentence is reviewed for reasonableness under an abuse of discretion standard.  <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007).  This review requires consideration of both the

procedural and substantive reasonableness of a sentence.  Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court properly calculated the defendant's advisory guideline range, we must decide whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence.  Lynn, 592 F.3d at 575-76;  see  United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).  Properly preserved claims of procedural error are subject to harmless error review.  Lynn, 592 F.3d at 576. If the sentence is free of significant procedural error, the appellate court reviews the substantive reasonableness of the sentence.  Id. at 575; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

When the district court imposes a departure sentence, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range."  United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007).  We have recognized, however, that a district court's error in applying a departure sentence is harmless if the sentence is ultimately justified by the § 3553(a) sentencing factors.  United States v. Evans, 526 F.3d

9

155, 165 (4th Cir. 2008) ("[E]ven assuming the district court erred in applying the Guideline departure provisions, [the defendant's] sentence, which is well-justified by [the] § 3553(a) factors, is reasonable).

Under USSG § 4A1.3(a)(1), the district court may upwardly depart from the Guidelines sentence if the court determines that "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes[.]" The court may consider prior sentences not used in computing the criminal history category. See USSG § 4A1.3(a)(2)(A).

Here, the decision to depart upwardly was reasonable. The district court discussed at great length Southerland's criminal history and the possibility of recidivism. The court noted that Southerland "lack[s] any constructive influence or positive guidance, [lacks] any education, [lacks] any meaningful work ethic[.]" The court stated that Southerland "has completely flouted the law, failed to submit to supervision, has even been censured in this district in federal court, and he can't figure out that he has to follow the rules." The court also discussed Southerland's prior arrests: "motor vehicle infractions, 15 counts of breaking and entering; 19 counts of

misdemeanor larceny; weapons on an educational property; 11 counts of misdemeanor possession of stolen goods or property."

In addition, the extent of the district court's departure was reasonable. In determining the extent of a departure under USSG § 4A1.3, the district court must use an incremental approach. See § USSG 4A1.3(a)(4)(A); <u>United States v. McNeill</u>, 598 F.3d 161, 166 (4th Cir. 2010); <u>United States v. Dalton</u>, 477 F.3d 195, 199 (4th Cir. 2007). The incremental approach requires the district court to refer first to the next higher category and explain why it fails to reflect the seriousness of the defendant's record before considering a higher category. See <u>United States v. Rusher</u>, 966 F.2d 868, 884 (4th Cir. 1992). However, a sentencing judge is not required "to move only one level, or to explain its rejection of each and every intervening level." <u>Dalton</u>, 477 F.3d at 199 (internal quotations omitted).

Here, although not required to do so, the court discussed each intervening offense level and explained why each was insufficient to account for Southerland's likelihood of recidivism and dangerousness. (Vol. I J.A. 152-53). In particularly strong terms, the court concluded that Southerland's

> history is one of complete and utter disregard for any
> rule or any societal norm evidenced in every area, be

11

it school, be it in the workplace, be it in basic interaction with persons, including respect for personal property. The resort to weaponry is raising the dangerousness, and the dabbling in drugs is, as well.

(Vol. I J.A. 152-53). We thus conclude without difficulty that the district court acted reasonably in departing in the manner and to the extent that it did, and that the court fully explained its rationale for imposing a departure sentence.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

12